By the Court.
 

 This is an original action in this court in which a writ of prohibition is sought to prevent any proceeding or action by the secretary of state which would result in placing upon the ballot a proposed initiative constitutional amendment.
 

 The question of prime importance presented by the demurrer to the petition is whether the number of signatures required on such initiative petition is fixed and determined at the time such petition is filed, and therefore must be ten per cent, of the vote for governor at the election next preceding the date of the filing of such petition. The initiative petition in question was filed in the office of the secretary of state November 7, 1932, which was one day prior to the 1932 gubernatorial election. In the election of 1930, which was the election for Governor next preceding the filing of such petition, 1,956,710 votes were cast for Governor. It was subsequently ascertained by the secretary of state, and notice thereof duly given by him, that such initiative petition contained only 172,945 valid signatures, while it must contain at least 195,671 valid signatures, that being ten per cent, of
 
 *172
 
 the electors voting for Governor at the election next preceding the filing of the petition. Thereafter sufficient additional valid signatures were procured and filed to make the total number of valid signatures in excess of ten per cent, of the number of votes for Governor in 1930, but less than ten per cent, of the number of votes cast for Governor in 1932.
 

 This suit to.prohibit action by the secretary of state and prevent a-submission of the proposed amendment at the coming election is predicated upon the contention made by the relator that the computation must be based upon the number of votes cast for Governor in 1932, and its sufficiency thus determined, and that it cannot be based upon the number of votes cast for Governor in 1930. In our opinion the percentage required is fixed and determined at the time the initiative petition is filed. That petition was filed prior to the election of 1932, although by reason of the finding of the invalidity of a number of signatures additional signatures to such petition were required, and were filed as provided by the Constitution and within the time prescribed thereby.
 

 Article II, Section
 
 la,
 
 of the Constitution, provides that: “When a petition signed by the aforesaid required number of electors, shall have been filed with the secretary of state, * * * the secretary of state shall submit for the approval or rejection of the electors, the proposed amendment, in the manner hereinafter provided, at the next succeeding regular or general election in any year occurring subsequent to ninety days after the filing of such petition.” And Article II, Section 1
 
 g,
 
 of the Constitution, provides that: ‘ ‘ The basis upon which the required number of petitioners in any case shall be determined shall be the total number of votes cast for the office of governor at the last preceding election therefor. ’ ’
 

 The “preceding election” here referred to is clearly the election immediately preceding the filing of the
 
 *173
 
 petition. The provisions of Section 1
 
 g
 
 of Article II of the Constitution, that ‘ ‘ ten additional days shall be allowed for the filing of additional signatures to such petition,” must be considered in construing Section
 
 la
 
 of the same Article, and it must therefore be determined that but a single petition is contemplated, for any supplemental action of the proponents is referred to as “filing of additional signatures to such petition.” The fact that another gubernatorial election intervenes would not require a recalculation by the secretary of state based upon the vote cast in such election held subsequent to the filing of the petition. Any other view would be inconsistent with the manifest purpose and intent, if not contrary to the express terms, of the provisions of the Constitution heretofore quoted, and would lead to great uncertainty and confusion.
 

 It follows that the demurrer to the petition is sustained and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Allen, Stephenson, Matthias and Bevis, JJ., concur.